IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER MARSHALL,

    Petitioner,

vs.

U.S. DISTRICT COURT,

    Respondent.

No. C 11-03462 YGR (PR)

**ORDER DIRECTING PETITIONER TO FILE A NOTICE OF INTENT TO PROSECUTE AND TO PROVIDE COURT WITH CURRENT ADDRESS**

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

It has been almost five months since Petitioner has communicated with the Court. Petitioner, whose last-known address was at Santa Rita Jail, filed a *in forma pauperis* application on November 28, 2011, and he has not communicated with the Court since that date. Moreover, in Petitioner's other habeas action, Case No. C 11-5549 YGR (PR), mail sent to him at Santa Rita Jail was returned as undeliverable on December 5, 2011 with a notation that he was "NOT IN CUSTODY." (Docket no. 3 in Case No. C 11-5549 YGR (PR).) In an Order dated February 14, 2012, the Court dismissed that action without prejudice pursuant to Rule 3-11 of the Northern District Local Rules.[1] (Feb. 14, 2012 Order in Case No. C 11-5549 YGR (PR) at 1.)

Because of the length of time since Petitioner's last communication with the Court in the instant matter and also because his other habeas action has been dismissed pursuant to Rule 3-11, it is unclear whether he is still housed at Santa Rita Jail or whether he intends to continue to pursue the claims set forth in his habeas petition at this time.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an

---

[1] Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may, without prejudice, dismiss a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* The court should afford the litigant prior notice of its intention to dismiss. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Furthermore, pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. *See* L.R. 3-11(a).

Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish whether Petitioner intends to continue to prosecute this action. Petitioner shall file a notice of his current address and his continued intent to prosecute no later than **thirty (30) days** of the date of this Order. Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See Malone*, 833 F.2d at 133 (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

IT IS SO ORDERED.

DATED: April 20, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\HC.11\Marshall3462.41(b)-NOTICE.wpd    2