IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER MARSHALL,

    Petitioner,

v.

U.S. DISTRICT COURT,

    Respondent.

                                         /

No. C 11-03462 YGR (PR)

**ORDER OF DISMISSAL**

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the instant case, it has been many months since Petitioner has communicated with the Court. On November 28, 2011, Petitioner filed a motion to proceed *in forma pauperis* and he has not communicated with the Court, as to this action, since that date. Accordingly, in an Order dated April 20, 2012, the Court determined that because of the length of time since Petitioner's last communication and also because his other habeas action (Case No. C 11-5549 YGR (PR)) has been dismissed pursuant to Local Rule 3-11, it was unclear whether he intended to continue to pursue the claims set forth in this habeas action at this time. The Court informed Petitioner that if he failed to do so within thirty days, this action would be dismissed without prejudice for failure to prosecute.

More than thirty days have passed, and Petitioner has filed no response to the Court's order. A district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130

1 (9th Cir. 1987).[1] The first three factors, above, weigh in favor of dismissal in light of the amount of
2 time that has passed -- without Petitioner filing anything in this matter, including his not responding
3 to the Court's Order. The fourth factor also weighs in favor of dismissal because less drastic
4 sanctions would have little impact in light of Petitioner's apparent lack of interest in this case.
5 Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the
6 other four factors. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding district
7 court did not abuse its discretion in dismissing petition with prejudice where three of the five factors
8 weighed in favor of dismissal).

9 In light of the foregoing, this action is hereby DISMISSED for failure to prosecute, pursuant
10 to Federal Rule of Civil Procedure 41(b).

11 The Clerk of the Court shall enter judgment, terminate any pending motions, and close the
12 file.

13 IT IS SO ORDERED.

14 DATED: September 21, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The court should also afford the litigant prior notice of its intention to dismiss, *id.* at 133, as this Court has done.